# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THEODOROS GIANNOPOULOS, ALEXANDRA GIANNOPOULOS, JAMES VARSAMIS, LAUREN MITCHELL VARSAMIS, on behalf of themselves and all others similarly situtated,<br><br>Plaintiffs,<br><br>v.<br><br>IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A., OPERADORA, SOCIEDAD UNIPERSONAL,<br><br>Defendant. | No. 11 C 775<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

James Varsamis, Lauren Mitchell Varsamis, Theodoros Giannopoulos, and Alexandra Giannopoulos purchased airline tickets for travel between the United States and Europe and, for at least parts of their trips, traveled on aircraft operated by Iberia Líneas Aéreas de España ("Iberia"). *See* R. 156. Plaintiffs' flights were delayed, and they brought a putative class action alleging breach of contract (Count I), and violation of a European Union regulation that requires compensation for airline delays under certain circumstances (Count II). *Id.* Plaintiffs filed a motion for class certification seeking to have the Giannopouloses and the Varsamises appointed class representatives. *See* R. 131. After Plaintiffs filed a second amended complaint, Plaintiffs renewed their motion for class certification, this time seeking to have only the Varsamises appointed class representatives, *see* R. 203, because

Plaintiffs' counsel had determined that the Giannopouloses' "claims [were] not amenable to class treatment due to the nature of their flights." R. 99 at 2. On February 12, 2014, prior to deciding Plaintiffs' motion for class certification, the Court granted summary judgment to Iberia on the Varsamis Plaintiffs' breach of contract claim (Count I), R. 255, and dismissed the claim for violation of a European Union regulation (Count II) as to Plaintiffs altogether. R. 254. Additionally, the Giannopouloses have now accepted a settlement offer Iberia made pursuant to Federal Rule of Civil Procedure 68. R. 262. In light of the Court's rulings and the Giannopouloses' settlement, none of the named Plaintiffs—neither the Varsamises nor the Giannopouloses—have live claims before the Court. Plaintiffs' counsel, however, has filed a "motion to reopen discovery for the purpose of identifying substitute class representatives and for an order authorizing plaintiffs' counsel to engage in pre-certification communications with putative class members." R. 259 at 1. Meanwhile, Iberia has filed a motion to dismiss the Giannopouloses for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and to enter final judgment as to all claims. R. 263. For the following reasons, the motion by Plaintiffs' counsel is denied, and Iberia's motion is granted.

## Analysis

Iberia argues that "there is no action to maintain," R. 269 at 4, and that "[c]ourts do not retain subject matter jurisdiction over uncertified class claims after the class representative's individual claims are dismissed on the merits." R. 271 at 6. Plaintiffs' counsel argues, to the contrary, that "Seventh Circuit case law

establishes . . . [that] the mooting of a named plaintiff's individual claim does not deprive a court of jurisdiction over class claims if a motion for class certification is pending," R. 270 at 2, and in "circumstances where a named plaintiff has no viable individual claim, but there may be someone in the purported class who does, it is prudent for the court to permit a reasonable period of time to substitute the named plaintiff." R. 260 at 3. Plaintiffs' counsel also argues that since the Court retains jurisdiction, the Court can order Iberia to turn over relevant discovery, namely the contact information for potential class members. R. 260 at 4-6. Iberia argues in opposition that "names and contact information of putative class members are not discoverable because they are not relevant." R. 269 at 8.

These arguments miss the point. The question is not whether the Court retains jurisdiction, nor whether contact information for potential class members is relevant and discoverable. Rather, the salient question is whether the Court can permit Plaintiffs' counsel to issue discovery requests when there is no named plaintiff (or certified class) with a "live claim" who can "carry on" the litigation—including issuing discovery requests. *See Premium Plus Partners, L.P. v. Goldman, Sachs & Co.*, 648 F.3d 533, 538 (7th Cir. 2011) ("It doesn't matter whether the would-be representative has litigated and lost, or litigated and won; both situations extinguish any live claim similar to the one held by the remaining members of the class. It takes a representative with a *live claim* to *carry on* with a class action.") (emphases added). The Court retains jurisdiction to entertain motions to intervene while the former named plaintiff whose claim is dismissed or moot "keep[s] the case

3

warm so that someone with a live claim [can] intervene." *Id.* at 538. However, "carrying on" the litigation—i.e., issuing discovery requests or filing an appeal—cannot occur without a new named plaintiff with a legally protected interest who is willing to "step[] forward to pick up the spear dropped by the named plaintiffs." *Cowen v. Bank United of Tex.*, 70 F.3d 937, 941 (7th Cir. 1995); *see also Wrightsell v. Cook County*, 599 F.3d 781, 784-85 (7th Cir. 2010) ("[B]efore certification, a class member who . . . would like to appeal the denial of certification must ask the district court for permission to intervene in the case . . . . Otherwise he has *no legally protected interest in the litigation*, and if nevertheless he could appeal it would mean that every member of a proposed class of millions could appeal from the denial of class certification.") (emphasis added). The former named plaintiff cannot "propose[] to be the representative itself, even though its claim has been resolved." *Premium Plus*, 648 F.3d at 538. Here, Plaintiffs' counsel is lacking a client with a live claim, and so Plaintiffs' counsel may not seek discovery to find one.

Plaintiffs' counsel cites certain passages from Seventh Circuit decisions that appear to support their argument. For example, in *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006), the court stated, "Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional ('routine') feature of class action litigation . . . ." And in *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008), the court held that the district judge "thought that his ruling on the merits of the suit had made the [class certification] motion moot. It had not." But in each of

4

these cases the Seventh Circuit did not remand the case to the district court to permit the plaintiffs' counsel to conduct discovery. Rather, the Seventh Circuit explained that the district courts retained jurisdiction to entertain motions to intervene by new named plaintiffs. *See Phillips*, 435 F.3d at 787 ("[S]ubstitution for the named plaintiffs is allowed," because courts "disregard the jurisdictional void that is created when the named plaintiffs' claims are dismissed and, shortly afterwards, *surrogates step forward to replace the named plaintiffs. . . .* This may seem irregular; but maybe there isn't really a jurisdictional void, since the class member who steps forward to take the place of the dismissed plaintiff has a *real controversy* with the defendant.") (emphases added); *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008) ("If . . . the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has *a legally protected interest in the litigation. . . .* [unless] an unnamed class member . . . has expressed interest in substituting for the plaintiff as class representative."). Neither *Phillips* nor *Wiesmueller* support Plaintiffs' counsel's contention that they should be able to demand discovery under Federal Rule of Civil Procedure 26 without a client who has a live claim.

Plaintiffs' counsel also relies heavily on *Whitlock v. Johnson*, 153 F.3d 380 (7th Cir. 1998). But in *Whitlock* the named plaintiff's claim was mooted after the class had been certified and the "class ha[d] a legal status separate from and independent of the interest asserted by the named plaintiff." *Id.* at 384. Here, the class has not attained this status. Plaintiffs' counsel's attempt to use *Phillips* to

5

extend *Whitlock* beyond cases in which a class has already been certified is unavailing. *Phillips* only permits a court to maintain jurisdiction over a non-certified class whose named plaintiff has been dismissed or mooted out in order to "substitute for the named plaintiffs." 435 F.3d at 787. Without "surrogates [to] step forward to replace the named plaintiffs," *id.*, "carrying on" the litigation is not permitted. *See Premium Plus*, 648 F.3d at 538. "No decision of which [the Seventh Circuit] is aware allows that." *Id.*

Plaintiff's counsel correctly points out that in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), the Seventh Circuit held that a complete offer of settlement to a named plaintiff will not moot the case even if the class has yet to be certified as long as the motion for class certification has been filed. This exception to the mootness doctrine, like the exception for "inherently transitory" claims described by the Supreme Court in *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 398 (1980), is justified because the circumstances of the case—whether a settlement offer or an "inherently transitory" claim—deprive the Court of sufficient time to address an already-filed motion that could lead to certification of a class with a separate legally protected status. Here, even though Plaintiffs have filed a class certification motion, the exceptions to mootness described in *Damasco* and *Geraghty* are inapposite because the Varsamises' claims were dismissed on the merits, not because they became moot. The status of the Varsamises' claims is the proper focus on the parties' motions because only the Varsamises are proposed as suitable class representatives at this point. The Giannopouloses' claims are moot

6

because they have settled, but Plaintiffs' counsel withdrew the Giannopouloses as proposed class representatives because their "claims [were] not amenable to class treatment due to the nature of their flights." R. 99 at 2. Since the Giannopouloses' are no longer proposed as class representatives, the mootness of their claims is not relevant to deciding whether the Giannopouloses can appropriately represent the putative class through discovery and a motion for class certification. That question was decided when Plaintiffs' counsel withdrew the Giannopouloses as proposed class representatives. Nor can the Varsamises serve this purpose, because while the Seventh Circuit has held that the district court may still entertain a motion to intervene by new named plaintiffs after a named plaintiff is dismissed, the litigation cannot "carry on" without a new named plaintiff who has a live claim. The Varsamises do not have a live claim, and Plaintiffs' counsel has not cited any authority to the contrary.

Notably, a district court in the Eastern District of Pennsylvania faced nearly the precise circumstances at issue here. In *In re Mortgagors of Temple-Inland Mortgage Corp.*, 2001 WL 177181 (E.D. Pa. Jan. 24, 2001), the original named plaintiff was disqualified, but the class had not been certified. The court held that

> plaintiffs' counsel does not seek discovery in order to identify additional class members, but rather to identify an original class representative so that subject matter jurisdiction may be established as an initial matter. Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so that they can sue defendant.

7

*Id.* at *2. The Sixth Circuit concurs. *See Gawry v. Countrywide Home Loans, Inc.*, 395 Fed. Appx. 152, 160 (6th Cir. 2010) ("Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so they can sue defendant."). The Court finds this reasoning persuasive and in accordance with the relevant Seventh Circuit holdings cited above. Therefore, Plaintiffs' counsel will not be permitted to take discovery to identify additional named plaintiffs.

Furthermore, Plaintiffs' counsel will not be granted more time to find a new named plaintiff to intervene in the case. The case is more than three years old, and Plaintiffs' counsel has had ample notice that they might lose their remaining named plaintiffs since Iberia filed its motion to dismiss on February 21, 2013. R. 170. Moreover, Plaintiffs' counsel knew for certain that the Varsamises were dismissed from the case as of February 12, 2014, when the Court issued its rulings. R. 254; R. 255. Plaintiffs' counsel has had more than three months to find a new named plaintiff to intervene. Presumably, they cannot find one, which is why they have asked for additional discovery. Just as a plaintiff has a right to bring a suit, a defendant has the right to some finality when no proper plaintiff has been proffered as a class representative. Therefore, the Court will not grant any additional time to Plaintiffs' counsel.

## Conclusion

For the foregoing reasons, Plaintiffs' counsel's "motion to reopen discovery for the purpose of identifying substitute class representatives and for an order

authorizing plaintiffs' counsel to engage in pre-certification communications with putative class members," R. 259, is denied, and Iberia's motion to dismiss the Giannopouloses for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and to enter final judgment as to all claims, R. 263, is granted. As to Count I, judgment is entered in favor of the Giannopouloses and against Iberia in the amount of $1,652.16, *see* R. 262, and judgment is entered in favor of Iberia and against the Varsamises. *See* R. 255. As to Count II, judgment is entered in favor of Iberia and against all Plaintiffs. *See* R. 254. The Plaintiffs' motion for class certification, R. 203, is denied as moot. The parties shall bear their own costs.

ENTERED:

*Thomas M. Durkin*
───────────────────────────
Honorable Thomas M. Durkin
United States District Judge

Dated: May 29, 2014